GUSTAV PROTOMASTRO, MARIE TIMONEY, JOSEPHINE POLICASTRO, VERA PALMA, LOUISE CASILLI, AMADIO DePASQUALE, FORTUNE DePASQUALE, CIRO SELLITTI AND TERESA SELLITTI, PETITIONERS, v. BOARD OF ADJUSTMENT OF THE CITY OF HOBOKEN, ALSO KNOWN AS BOARD OF ADJUSTMENT OF THE MAYOR AND COUNCIL OF HOBOKEN, AVENEL INDUSTRIAL REALTY CORPORATION, AND WILLIAM NEUMANN, DEFENDANTS.

Argued May 4, 1948—Decided June 9, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the petitioners, *Edward Stover*.

For the defendant Board of Adjustment of the City of Hoboken, &c., *Dominick R. Rinaldi*.

For the defendants Avenel Industrial Realty Corporation and William Neumann, *Levenson & Levenson*.

The opinion of the court was delivered by

EASTWOOD, J. Petitioners seek *certiorari* to review a resolution of the Board of Adjustment of the City of Hoboken, granting a permit to the defendant, Avenel Industrial Realty Corporation, for the erection of a one-story super market at 816-820 Washington Street and 817-825 Bloomfield Street, on the ground that said action of the Board of Adjustment violates the provisions of the zoning ordinance of the City of Hoboken, in that a portion of the proposed super market building will be in residence zone No. 1 where business and commercial stores are prohibited. Chief Justice Case heretofore allowed a rule to show cause why a writ of *certiorari* should not issue to review said action of the Board of Adjustment of the City of Hoboken, and after considering the arguments of counsel and briefs, denied the application for writ of *certiorari* and dismissed the rule to show cause, holding that not enough proof had been adduced before him to warrant the issuance of a writ. Defendants contend that the Board of Adjustment acted within its lawful authority in granting a variance for the erection of said building and no proof was offered to establish that there was any abuse of discretion in the issuance of said building permit.

In the instant case there is no finding by the Board of Adjustment that a denial of the application will cause the owner unnecessary hardship. In *Scaduto* v. *Bloomfield*, 127 *N. J. L.* 1 (at *p.* 3), Mr. Justice Heher stated:

"In the making of a variance under *R. S.* 1937, 40:55–39, it is a jurisdictional *sine qua non* that, due to special conditions, a literal enforcement of the ordinance would result

252

in 'unnecessary hardship.' The essential inquiry is whether in the circumstances the specific application of the general regulation would constitute an unnecessary and unjust invasion of the fundamental right of property. The statutory provision for relief against 'unnecessary hardship' thus ensuing was designed to permit of the reasonable use of the particular property, and thus to guard against an unwarranted interference with the right of private property, *i. e.*, to secure reasonable zoning. This is a *quasi*-judicial function in essence discretionary, controlled by the policy of the statute and of the ordinance so far as is consistent therewith. And there must be a finding of such jurisdictional prerequisite substantially grounded in competent evidence."

The failure of the Board of Adjustment to find that a denial of the owner's application will cause it unnecessary hardship, raises debatable question for determination by this court. A writ will accordingly be allowed.